NORMA C. LOEB, PLAINTIFF-RESPONDENT, v. HELEN GURTMAN (SUED HEREIN AS HELEN FRIEDMAN), DEFENDANT-APPELLANT.

Submitted May 4, 1943—Decided July 20, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the plaintiff-respondent, Charles C. Stalter.

For the defendant-appellant, Edward R. McGlynn.

The opinion of the court was delivered by

COLIE, J. The plaintiff was visiting at the home of friends on the evening of July 18th, 1940. During the evening, the

suggestion was made that they repair to an eating-place, some distance away, for refreshments. Helen Gurtman, the defendant, was the only one in the group with an automobile. At the request of Miss Rachels, one of the party, Mrs. Gurtman drove her to Passaic to seek out a male friend of Miss Rachels' and advise him of the plan to have refreshments. Mrs. Gurtman said that upon her return she would blow her horn to signify her readiness to set out for the eating-place. After locating the young man, Mrs. Gurtman returned and blew her horn and the three young ladies came out of the house.

The automobile was a two-door coupe or cabriolet having the conventional type of permanent front seat. In the rear, however, there were two "opera" seats, which, when not in use, folded back so that they were flush with the rear wall or upholstery of the interior. Miss Loeb preceded her companions and entered the car first. To do so, it was necessary for her to push the back of the front seat forward, which she did and entered the car in what may be described as a sidewise position, facing toward the front. It was dark, she moved over behind the driver in a sidling manner to make room for her companion and attempted to seat herself. The opera seat being up, she fell to the floor, striking an iron bar and sustaining painful injuries which confined her to bed for about six weeks. As she struck, she screamed and the defendant, Mrs. Gurtman, said: "Oh, my God, I forgot to tell her the seats were up."

Motions were made on behalf of the defendant for a non-suit and for a direction of verdict, both of which were denied. The jury returned a verdict in favor of the plaintiff. The grounds of appeal are denial of the aforementioned motions and alleged error in the court's charge.

The theory upon which the case was tried was that the defendant was negligent in failing to warn her guest that a latent and concealed peril existed because the seats were not of the conventional type but were disappearing seats which folded flush with the body of the car.

There was evidence from which the jury could find that the plaintiff was in the defendant's car by reason of an implied

invitation extended to her and the other young ladies. That being so, it follows that there was a duty upon the defendant to exercise reasonable care for the safety of her guests. Did Helen Gurtman, under the existing circumstances, exercise that degree of care and caution which one would expect from a reasonably prudent person? The interior of the car was dark, the plaintiff had never entered it before and did not know that it was equipped with seats of a folding type. There was no evidence in the case that the car was equipped with a light which could have been switched on although the failure to utilize the light was pleaded in the complaint as a ground for recovery. That the rear of the defendant's car was equipped with folding rather than permanent seats was a deviation from what one would ordinarily expect to find. This fact, coupled with the darkness and plaintiff's unfamiliarity with the car, seems to us to make it a question for the jury whether Helen Gurtman failed in her duty in not warning Miss Loeb of the situation. The question of plaintiff's contributory negligence was also for the jury to pass upon. The motions to nonsuit and direct a verdict were properly denied. We find no error in the court's charge.

The judgment is affirmed, with costs.